## Bell, Secretary of Banking, v. Feeney et al.

*John H. Longaker,* for plaintiff.
*High, Dettra & Swartz,* for defendants.

DANNEHOWER, J., April 24, 1941.—This matter comes before the court on preliminary objections to plaintiff's bill, pursuant to Equity Rule 48.

Plaintiff, having obtained a judgment at law against Robert S. Feeney, one of the defendants, seeks execution against certain shares of stock owned by him in Fidelity Fuel Corporation, another defendant.

The bill alleges in paragraphs 4 and 5: "Plaintiff believes that Robert S. Feeney, a resident of Montgomery County, Pa., is the holder of fifty-five percent (55%) of the stock of the Fidelity Fuel Corporation, a corporation organized for the purpose of engaging in the business of handling, preparing and selling coal, with its plant at Shaft, Schuylkill County, Pa., and its principal office of business at no. 21 South 12th Street, Philadelphia, Pa. And that Thomas E. Comber, Jr., with offices at no. 1702

National Bank Building, Philadelphia, Pa., is secretary of the said Fidelity Fuel Corporation;

"Plaintiff alleges that the said Fidelity Fuel Corporation is now in receivership, and that there is a likelihood that the creditors of the said corporation will be paid in full and that there will be a substantial fund available for stockholders of which the said Robert S. Feeney, one of the defendants herein, is a party in interest."

The bill then prays that the court enter a decree ordering and directing defendant Robert S. Feeney to endorse and deliver the stock certificates to the sheriff for the purpose of selling them to satisfy the indebtedness to the bank; that the court issue an injunction, preliminary until hearing and final thereafter, restraining the Fidelity Fuel Corporation and its secretary from transferring said stock on its books and records, and general relief.

On January 31, 1941, a hearing was held and, by agreement of the parties, the preliminary injunction prayed for was issued until final hearing.

On the same day, to wit, January 31, 1941, defendant Robert S. Feeney filed preliminary objections to the bill, to wit:

"1. It is not sufficiently averred in the bill that the said Robert S. Feeney is the owner, legal or equitable, of any of the stock of the Fidelity Fuel Corporation. The averment that the plaintiff believes him to be the holder of 55 percent of the stock of the said corporation is insufficient. Nowhere is it averred in the bill that the Fidelity Fuel Corporation, one of the defendants, is a Pennsylvania Corporation or is a foreign corporation.

"2. That upon the facts averred plaintiff has a full, complete, and adequate remedy at law."

We are of the opinion that the objection that the ownership of the stock by defendant Feeney is insufficiently averred is without merit. Under Equity Rule 48, subdiv. (5), a defendant may file an answer preliminarily objecting to the bill for the reason "that the facts are so in-

sufficiently averred, specifying which thereof, that it is impossible for defendant to make an adequate answer to plaintiff's claim . . ." Accordingly, if it is found that the averments of fact in the bill are sufficient to enable defendant to prepare an answer, the objection will be overruled: Nolty et al. v. Anne et al., 40 Lanc. L. R. 643 (1926). Certainly, in the instant case, defendant Feeney knows whether or not he is the owner of stock of the Fidelity Fuel Corporation, and he should be able to make an adequate answer to the averment.

Nor do we feel that there is any merit in the objection that the bill does not aver whether the Fidelity Fuel Corporation is a domestic or a foreign corporation. The bill states the location of the plant, the address of the corporation's principal office of business, and the name and address of the secretary. We are of the opinion that this is sufficient. Furthermore, it would seem that this objection cannot be raised by defendant Robert S. Feeney individually.

The final objection, that upon the facts averred plaintiff has a full, complete, and adequate remedy at law, is likewise without merit. The Uniform Stock Transfer Act of May 5, 1911, P. L. 126, provides:

"Section 13. No attachment or levy upon shares of stock for which a certificate is outstanding shall be valid until such certificate be actually seized by the officer making the attachment or levy, or be surrendered to the corporation which issued it, or its transfer by the holder be enjoined."

The act extends the assistance of equity to judgment creditors in fulfilling the requirements of section 13 as follows:

"Section 14. A creditor whose debtor is the owner of a certificate shall be entitled to such aid from courts of appropriate jurisdiction by injunction and otherwise, in attaching such certificate or in satisfying the claim by means thereof, as is allowed at law or in equity in regard to property which can not readily be attached or levied upon by ordinary legal process."

It will be seen that section 13 is in the alternative and provides that the levy or attachment shall not be valid unless there is an actual seizure or "its transfer by the holder be enjoined". It is not necessary that there be an attempted levy, or an attachment, before a judgment creditor can resort to a court of equity to enjoin the transfer of shares of stock: Jaski v. Leider et al., 34 D. & C. 480 (1939).

And now, April 24, 1941, the preliminary objections to plaintiff's bill are dismissed, and defendant is required to answer over under penalty of having the bill taken pro confesso.